**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

_____

THOMAS HARDIE

                                        Plaintiff,

            v.                                                          1:18-CV-470
                                                                        (GLS/CFH)
CITY OF ALBANY; JARROD M. JOURDIN, City
of Albany Police Officer; RAVEN SYMONE DIXON.
City of Albany Police Officer; UNIDENTIFIED
NAME POLICE OFFICER,

                                        Defendants.

_____

**APPEARANCES:**

Thomas Hardie
18-A-0282
Woodbourne Correctional Facility
99 Prison Road
PO Box 1000
Woodbourne, New York 12788
Plaintiff pro se

## REPORT-RECOMMENDATION AND ORDER

        Plaintiff <u>pro</u> <u>se</u> Thomas Hardie commenced this action on April 16, 2018 with the

filing of a complaint.  Dkt. No. 1 (Compl.).  In lieu of paying this Court's filing fee, plaintiff

filed an application to proceed in forma pauperis (IFP).  Dkt. No. 2.  Plaintiff also filed a

motion for appointment of counsel.  Dkt. No. 3.  On June 22, 2018, the Court directed

administrative closure of the case with an opportunity to either file a completed and

signed IFP application or pay the Court's full filing fee.  Dkt. No. 6.  On July 2, 2018,

plaintiff paid the Court's filing fee, and the case was reopened.  Dkt. Nos. 7, 8.  On July

11, 2018, plaintiff requested leave of the Court to amend his complaint, and filed certain

changes/corrections to the complaint.  Dkt. No. 10.  On July 20, 2018, plaintiff

requested that service be completed by the U.S. Marshals, stating that he understands

that he must pay the cost of service by the U.S. Marshals, and requesting to know the

cost of service.  Dkt. No. 11.  As an initial matter, as plaintiff chose to pay this Court's

filing fee, rather than submit a complete IFP application, plaintiff's motion to proceed

IFP is denied.  Dkt. No. 2, Dkt. Entry dated 7/2/18.


## II.  Legal Standards

Section 1915(e) of Title 28 of the United States Code directs that, when a

plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court

determines that  . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a

claim on which relief may be granted; or (iii) seeks monetary relief against a defendant

who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  It is a court's responsibility

to determine that a plaintiff may properly maintain his complaint before permitting him to

proceed with his action.  As plaintiff is representing himself, the court must afford

plaintiff special solicitude; thus, it is to consider his claims "liberally" and "interpret them

'to raise the strongest arguments that they suggest.'"  Cold Stone Creamery, Inc. v.

Gorman, 361 F. App'x 282, 286 (2d Cir. 2010) (summary order) (quoting Brownell v.

Krom, 446 F.3d 305, 310 (2d Cir. 2006)).

Pleading guidelines are set forth in the Federal Rules of Civil Procedure.

Specifically, Rule 8 provides that a pleading which sets forth a claim for relief shall

contain, inter alia, "a short and plain statement of the claim showing that the pleader is

entitled to relief." <u>See</u> FED. R. CIV. P. 8(a)(2). "The purpose . . . is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of <u>res judicata</u> is applicable." <u>Flores v. Graphtex</u>, 189 F.R.D. 54, 54 (N.D.N.Y. 1999) (internal quotation marks and citations omitted). Rule 8 also requires the pleading to include:

> (1) a short and plain statement of the grounds for the court's jurisdiction . . .;
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
> (3) a demand for the relief sought . . . .

FED. R. CIV. P. 8(a). Although "[n]o technical form is required," the Federal Rules make clear that each allegation contained in the pleading "must be simple, concise, and direct." <u>Id.</u> at 8(d).

Further, Rule 10 of the Federal Rules provides in pertinent part that:

> [a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence – and each defense other than a denial – must be stated in a separate count or defense.

FED. R. CIV. P. 10(b). This serves the purpose of "provid[ing] an easy mode of identification for referring to a particular paragraph in a prior pleading[.]" <u>Flores</u>, 189 F.R.D. at 54 (internal quotation marks and citations omitted). A complaint that fails to comply with the pleading requirements "presents far too a heavy burden in terms of

3

defendants' duty to shape a comprehensive defense and provides no meaningful basis for the Court to assess the sufficiency of their claims." Gonzales v. Wing, 167 F.R.D. 352, 355 (N.D.N.Y. 1996). As the Second Circuit has held, "[w]hen a complaint does not comply with the requirement that it be short and plain, the court has the power, on its own initiative . . . to dismiss the complaint." Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988) (citations omitted). However, "[d]ismissal . . . is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." Id. (citations omitted). In such cases of dismissal, particularly when reviewing a pro se complaint, the court generally affords the plaintiff leave to amend the complaint. Simmons v. Abruzzo, 49 F.3d 83, 86-87 (2d Cir. 1995). A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted).

### III. Plaintiff's Complaint

Plaintiff seeks to bring this action pursuant to 42 U.S.C. § 1983, against defendants City of Albany, City of Albany Police Officer Jarrod M. Jourdin, City of Albany Police Officer Raven Symone Dixon, and John Doe defendant "unidentified name police officer." Compl. at 1. Plaintiff's civil cover sheet indicates that he brings

4

this action pursuant to this Court's federal question jurisdiction for violations of the Fourth and Fourteenth Amendments due to defendants' use of excessive force and for deprivations of due process. Dkt. No. 1-1 at 1.

Plaintiff contends that on April 28, 2017, defendant Jourdin and an unidentified police officer "irrationally approached" plaintiff outside of his home "without explanation of reason." Compl. at 7. Plaintiff contends that these officers "forcefully push[ed] me, pull[ed] me and physically assault[ed] me from a standing position, to a knockdown position on the ground." Id. at 8. Officers forced "both of my hands to be stretched out above my head, as A.P.O. Jarrod M. Jourdin stepped, stomped and applied foot pressure on my right hand" which "injured/fractured my right hand 4th digit finger, and restrained both my hands on the ground and handcuffed me, without explanation or reason for their cause of my apprehension." Id. Plaintiff contends that Dixon was the officer who arrested him, and neither she, or the other officers, read him Miranda rights. Id.

Plaintiff contends that, at some later point during the booking process, Dixon informed him that he was stopped and arrested because "a female that I was in a relationship with, made a police complaint regarding a domestic dispute inside of her apartment at 224 Clinton Ave, Albany N.Y., approx. one half hour before the irrational police approach upon me, outside of my home/property at 228 Clinton Ave, Albany N.Y. in the street." Id. at 10.

Plaintiff contends that after his arrest, he was brought to the Albany Police Department Unit 2 booking division. Compl. at 9. Plaintiff had a "noticeable bleeding

right hand injury, visually seen and known by the transporting officer, who knowingly deprived me of receiving medical assistance, after informing the officer that I was in pain." Id. Plaintiff contends that plaintiff "made a personal request for medical attention" to Dixon, showed her his right hand injury and told her that he was in pain, but Dixon "indifferently advised me to sit down, and attempted to interrogate me, which I did not respond to." Id. at 10. Plaintiff was not informed of his Miranda rights prior to Dixon attempting to question him. Id. Plaintiff requested of Dixon, in front of Jourdin, that photographs be taken of his right hand injury, but "P.O. Jourdin unjustifiably grabbed my lower right arm, and consciencely [sic] agitated my right hand with an agonizing twist, with the inclusion of, tightly applying handcuffs onto both of my wrists, with my hands in back of me." Id. This action caused plaintiff "unbearable pain," and plaintiff informed Jourdin of this. Id. Plaintiff contends that he was unable to have his fingerprints taken at booking because the officer who was to perform the fingerprinting refused to complete fingerprinting "when he closely visualized the entire right hand swelling, bleeding and disfigurement." Id. at 12. After the fingerprints were unable to be taken, Jourdin "grabbed the center chain of the handcuff with both my hands behind my back, unreasonably excessively yanked, pulled and raised my cuffed hands above my back waist level, agonizing the tortuous pain that I was already enduring, as he pushed and shoved me into a jail holding cell, from the hours of approximately 3:30 a.m. thru 10 a.m. on Saturday April 29th 2017." Id.

After a Court appearance the next morning, where the Judge noted plaintiff's hand injury for the record, plaintiff was brought to Albany County Correctional Facility

"without any provision of medical assistance on my behalf . . . before placing me into the custody of A.C.C.F., after I requested for medical attention." Compl. at 13. The Albany County Correctional Facility booking officer questioned plaintiff about his hand injury and noted on intake forms that the injury occurred before plaintiff's entry into Albany County Correctional Facility. Id. at 13-14. Plaintiff received medical treatment at the Correctional Facility that involved his hand being "soaked in a liquid saline solution that removed the dried blood that had decayed on my right hand. The open wound on my right hand 4th digit finger was treated with a coat of bacatracin [sic], and then my entire right hand and fingers were wrapped with gauze, with no further medical attention/treatment." Id. at 14.

Plaintiff as detailed for four days without further medical treatment. Compl. at 14. Plaintiff states that on May 3, 2017, his hand became "seriously infected, with dripping pus." Id. at 15. He was seen by an Albany County Correctional Facility doctor who prescribed antibiotics and took X-rays, which revealed a fracture to his "4th digit finger of [his] right hand." Id. Plaintiff was later ordered an "emergency outside medical trip" to the Bone and Joint medical center in Albany, New York. Id. His hand was treated and placed in a cast. Id. After three weeks, plaintiff returned and was fit for a new cast and prescribed therapy "to straighten the fingerbone." Id. at 16.

Plaintiff contends that the City of Albany "failed to train, supervise and discipline its police dept/involved police officer(s)" to protect citizens' rights and civil liberties. Compl. at 17. Plaintiff contends that the individual defendants violated his rights in their official capacity. Id. Plaintiff demands "Actual damages" of $3 million for the City of

7

Albany, $2.5 million in compensatory damages and $1.5 million in punitive damages from defendant Jourdin in his official capacity, and $1.5 million in compensatory damages and $1 million in punitive damages from Officer Dixon in her official capcity. Id.

## IV.  Analysis

Plaintiff argues that the defendant police officers Jourdin, Dixon, and the unnamed John Doe officer violated his Fourth Amendment right against excessive force and his fourteenth amendment right to due process of the laws.  It is recommended that these claims proceed insofar as plaintiff brings the claims against the officers in their individual capacities only.[1]

Plaintiff attempts to set forth a Monell claim against the City of Albany for failing to properly train or supervise the police officers to prevent the officers from violating his civil rights.  "Local governments are only responsible for their own illegal acts and are not vicariously liable for their employees' actions under a theory of respondent superior."  Waller v. City of Middletown, 89 F. Supp. 3d 279, 284 (D. Conn. 2015) (citation omitted).  However, "'[a] municipality or other local government may be liable under [Section 1983] if the government body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation.'"  Id. (quoting Connick v. Thompson, 563 U.S. 51 (2011)). "Therefore, to state a Section 1983 claim against a

---

[1] Plaintiff's attempt to sue the officers in their official capacities will be discussed below.  Infra at 14.

municipality, a plaintiff is required to plead a violation of a federally protected right that was caused by the municipality's official policy or custom, or by a decision of a policymaker with final policymaking authority."  Id. (citing Monell v. Dep't of Soc. Services, 436 U.S. 658 692 (1978)).  "Where as here, a municipality's training program is at issue, 'failure to train [municipal] employees may constitute an official policy or custom if the failure amounts to 'deliberate indifference' to the rights of those with whom the [municipal] employees interact.'" Id. (quoting Wray v. City of New York, 490 F.3d 189, 195 (2d Cir. 2007)).

> To succeed on this claim, Plaintiff would eventually have to submit evidence that defendants knew to a moral certainty that the City would confront a given situation; the situation presented the City with a difficult choice or there was a history of its mishandling the situation; and the wrong choice by the City would frequently cause the deprivation of plaintiffs' rights.  Reynolds v. Giuliani, 506 F.3d 183, 192 (2d Cir.2007). Additionally, a Plaintiff must "establish that defendant breached its duty to act by failing to make meaningful efforts to address the risk of harm to plaintiffs." Id.

Lyman v. City of Albany, 536 F. Supp. 2d 242, 250 (N.D.N.Y. 2008).

At this early stage, the undersigned recommends that plaintiff be permitted to proceed on his Monell claim against the City of Albany for failure to train or supervise its employees in relation to his arrest.  See generally Waller, 89 F.Supp. 3d at 285-86 (recognizing that where the plaintiff does not plead a pre-existing pattern of violations, the plaintiff's Monell claim against the city turns on a "single violation demonstrating that the City was deliberately indifferent" as it relates to the plaintiff's incident with the officers, and noting that although it is not clear whether a plaintiff can proceed under a

Monell claim of a single incident, Supreme Court case law has not precluded such a claim).

Arguably, reading plaintiff's complaint liberally, although not separately pleaded as a cause of action, the undersigned discerns from the body of plaintiff's complaint that plaintiff may be attempting to set forth a deliberate indifference claim against officers Jourdin and Dixon insofar as he contends that he requested medical attention, but his requests were denied.

> The medical needs of an arrestee held in state custody are protected by the Due Process Clause of the Fourteenth Amendment. Caiozzo v. Koreman, 581 F.3d 63, 69 (2d Cir. 2009). The official custodian of an unconvicted detainee may be found liable for violating the detainee's due process rights if the official disregarded a risk of harm to the plaintiff of which the official was aware. Id. at 71. This requires a showing that the plaintiff had a "serious medical condition" that the defendant met with "deliberate indifference." Id. at 72. (internal quotation marks omitted).

Liberta v. City of Rome, No. 6:10-CV-1104, 2012 WL 695851, at *3 (N.D.N.Y. Feb. 29, 2012).[2]  At this early stage, and reading plaintiff's pleadings as true – as the Court must – plaintiff arguably has stated enough to proceed on a deliberate indifference claim.[3]  It is recommended that plaintiff's complaint be liberally read as pleading a deliberate indifference claim.

It is unclear whether plaintiff is attempting to pursue a claim against the officers

_____

[2]  Any unpublished cases cited within this Report-Recommendation and Order have been provided to plaintiff.

[3]  The undersigned makes no conclusion as to whether plaintiff's claims, should he wish to plead it, would survive a properly-pleaded motion to dismiss or motion for summary judgment.

for false arrest[4] and/or false imprisonment.  To the extent that plaintiff contends that he

was arrested and detained without probable cause, the Court notes that plaintiff states

that he learned that he was searched due to a domestic violence complaint made

against him.  Plaintiff does not inform the Court whether he faced any charges resulting

from the arrest, and, if so, whether he was convicted of the charges, plead to the

charges, or if the charges are still pending or have been dropped or otherwise reversed.

If there are charges that are pending or if plaintiff pleaded guilty to the charges/has

been convicted of the charges, the potential claims for false arrest and false

imprisonment may be barred by Heck v. Humphrey, 512 U.S. 477, 486-87 (1994)).

> Under Heck and its progeny, a "§ 1983 action is barred
> (absent prior invalidation) — no matter the relief sought
> (damages or equitable relief), no matter the target of the
> [plaintiff's] suit (state conduct leading to conviction or
> internal prison proceedings) — if success in that action
> would necessarily demonstrate the invalidity of confinement
> or its duration."

Matthews v. County of Cayuga, 5:17-CV-1004 (MAD/TWD), 2018 WL 2926272, at *3

(N.D.N.Y. June 8, 2018) (quoting Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005)).

Unless and until the arrest, and any resulting charges, is favorably adjudicated in

---

[4] A claim for false arrest "rest[s] on the Fourth Amendment right of an individual to be free from unreasonable seizures, including arrest without probable cause." Morris v. Silvestre, 604 F. App'x  22, 24 (2d Cir. 2015) (summary order).  Liability may attach where an officer fails to intervene, but observes or has reason to know . . . that a citizen has been unjustifiably arrested," if the officer "had a reasonable opportunity to intervene to prevent the violation from happening." Jackson v. Tellado, 236 F. Supp. 3d 636, 654 (E.D.N.Y. 2017) (citation omitted).  It is also noted that "[t]he existence of probable cause to arrest constitutes justification and is a complete defense to a claim for false arrest."  Hoatling v. LaPlante, 167 F.Supp. 2d 517, 521 (N.D.N.Y. 2001) (citation omitted).  This is also true for claims of false imprisonment. Weyant v. Okst, 101 F.3d 845, 852 (2d Cir. 1996). "'A Section 1983 claim for false arrest [or false imprisonment] rest[s] on the Fourth Amendment right of an individual to be free from unreasonable seizures, including arrest without probable cause.'" Cea v. Ulster County, 309 F.Supp. 2d 321, 329 (N.D.N.Y. 2004) (quoting Sulkowska v. City of N.Y., 129 F.Supp.2d 274, 287 (S.D.N.Y. 2001)).

plaintiff's favor, his potential claims of false arrest and false imprisonment are barred by Heck and subject to dismissal pursuant to 28 U.S.C. 1915(e)(2)(B).

Accordingly, insofar as plaintiff may seek to bring claims against defendants for false arrest and false imprisonment, it is recommended that claims be dismissed without prejudice and with opportunity to amend to provide plaintiff with an opportunity to demonstrate to the Court whether he faced any charges stemming from the arrest, and if so, whether the charges are still pending and/or whether he has been convicted of any charges stemming from the arrest.

Insofar as plaintiff seeks to amend his complaint, plaintiff does not need the leave of the Court as he filed the amended complaint before service of the complaint upon defendants. Dkt. No. 10; FED. R. CIV. P. 15(a)(B). However, in submitting his request to file an amended complaint and the proposed amended pleading, plaintiff still failed to follow Rule 15 of the Federal Rules of Civil Procedure and this Court's Local Rule 7.1. Any amended complaint must be complete pleading which, if accepted by the Court for filing, will supersede and replace the original complaint in its entirety; thus, the amended complaint becomes the operative pleading and the original complaint is no longer considered. See Dluhos v. Floating & Abandoned Vessel, Known as New York, 162 F.3d 63, 68 (2d Cir. 1998) ("[I]t is well established that an amended complaint ordinarily supersedes the original, and renders it of no legal effect.") (citing Shields v. Citytrust Bancorp, Inc., 25 F.3d 1124, 1128 (2d Cir. 1994)). Further,

> This requirement is buttressed by the Local Rules of
> Practice of this District ("Local Rules"), which provide, in
> pertinent part, that amended pleadings must be complete
> pleadings which will supersede the original pleading in all

12

respects. <u>See</u> N.D.N.Y.L.R. 7.1(a)(4). The Local Rules
further state that a "party shall not incorporate any portion of
its prior pleading into the proposed amended pleading by
reference." <u>Id.</u> One of the purposes of the requirement that
an amended complaint be itself a complete pleading is to
ensure that all of the allegations asserted against the
defendants are contained in a single document, thereby
reducing the likelihood that a party will overlook one or more
allegations against him. This requirement also eliminates the
confusing nature of "piecemeal" amended complaints. In
other words, an amended complaint must include all of the
allegations against each of the defendants against whom the
case is going forward so that the amended complaint may
stand alone as the sole complaint in the action.

<u>Bennett v. Fletcher</u>, No. 9:17-CV-849GTSCFH, 2018 WL 557885, at *1 (N.D.N.Y. Jan.

18, 2018) (internal citations omitted).

Plaintiff's July 11, 2017 letter motion seeking to amend the complaint does not

submit an entirely new pleading that can replace fully the original complaint.  Instead,

plaintiff provides only the portions of the complaint he wishes to correct/amend.  He

seeks to (1) add that officers Jourdin and Dixon acted in their individual capacities, in

addition to official capacities, (2) add the word "while" to the second and third causes of

actions, and (3) remove his request for $3 million from the city of Albany and instead

add that he is requesting "no monetary damages entered, against, City of Albany."  Dkt.

No. 10 at 1.  He did not submit a proposed amended pleading that incorporates these

amendments into the full complaint. In light of special solicitude, although the proposed

corrections/proposed amended pleading fully fails to comply with Local Rule 7.1 and

Rule 15 of the Fed. R. Civ. P., in light of special solicitude, it is recommended that

plaintiff's submissions at dkt. no. 1 and dkt. no. 10-2 be read together and be docketed

separately as an amended complaint.  However, plaintiff is advised that, despite his <u>pro</u>

se status, he must follow all of this Court's Local Rules and the Fed. R. Civ. P.  The Clerk of the Court is directed to provide plaintiff with a copy of this Court's Local Rules of practice.

In both the original complaint and amended complaint, plaintiff seeks to sue the individual defendants in their official capacities.  Although the amendments add that defendants were acting also in their individual capacities, it does not appear that plaintiff removes the references to official capacity.  Although the prayer for relief in the amended complaint indicates that defendants acted in their individual capacities, the causes of action still state that defendants acted in their official capacities.  Regardless, insofar as plaintiff seeks to bring this action against the individual officers in their official capacities, it is recommended that such claims be dismissed with prejudice. Complaints against state officials sued in their official capacities are barred under the Eleventh Amendment.  See, e.g., Kentucky v. Graham, 473 U.S. 159, 167 (1985).

Thus, it is recommended that, insofar as plaintiff's complaint may be read as attempting to sue defendants in their official capacities, such claims be dismissed with prejudice.  However, plaintiff may be able to proceed against these defendants in their personal capacities because "[s]uits against state officials in their personal capacity are not barred by the Eleventh Amendment, even for actions required by their official duties . . . ."  N.Y. State Corr. Officers & Police Benevolent Ass'n, Inc. v. New York, 911 F. Supp. 2d 111, 131 (N.D.N.Y. 2012) (citing Hafer v. Melo, 502 U.S. 21, 31 (1991)).

**V.  Motion for Counsel**

14

Plaintiff requests appointment of counsel.  Dkt. No. 3.  He provides letters he sent to two attorneys – one who declined to take representation and the other who did not respond.  Dkt. No. 3.  It is well settled that "[a] party has no constitutionally guaranteed right to the assistance of counsel in a civil case."  <u>Leftridge v. Connecticut State Trooper Officer No. 1283</u>, 640 F.3d 62, 68 (2d Cir. 2011) (citations omitted).  In <u>Terminate Control Corp. v. Horowitz</u>, 28 F.3d 1335 (2d Cir. 1994), the Second Circuit reiterated the factors that a court must consider in ruling upon such a motion.  In deciding whether to appoint counsel, the court should first determine whether the indigent's position seems likely to be of substance.  If the claim meets this threshold requirement, the court should then consider a number of other factors in making its determination.  28 F.3d at 1341 (quoting <u>Hodge v. Police Officers</u>, 802 F.2d 58, 61 (2d Cir. 1986)); <u>see</u> <u>also</u> <u>Leftridge v. Connecticut State Trooper Officer No. 1283</u>, 640 F.3d at 69 (noting that a motion for appointment of counsel may be properly denied if the court "concludes that [the party's] chances of success are highly dubious" (citations omitted)).  The factors to be considered in deciding whether or not to assign counsel include the following:

> 1. Whether the plaintiff's claims seem likely to be of substance;
> 2. Whether the plaintiff is able to investigate the crucial facts concerning his claim;
> 3. Whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder;
> 4. Whether the legal issues involved are complex; and
> 5. Whether there are any special reasons why appointment of counsel would be more likely to lead to a just determination.

Hendricks v. Coughlin, 114 F.3d 390, 392 (2d Cir.1997); see also Hodge v. Police Officers, 802 F.2d 58 (2d Cir.1986). "Counsel may be appointed in cases where it appears that such counsel will provide substantial assistance in developing petitioner's arguments, the appointment will otherwise serve the interests of justice, and where the litigant has made 'a threshold showing of some likelihood of merit.'" Campbell v. Correctional Medical Care, Inc., No. 14-CV-6136T, 2014 WL 2608334, at *5[5] (quoting Cooper v. A. Sargenti Co., 877 F.2d 170, 174 (2d Cir. 1989)). Further, prior to evaluating a request for appointment of counsel, the plaintiff must make a threshold showing – that he is unable to obtain counsel through the private sector or public interest firms. Cooper v. A. Sargenti Co., Inc., 877 F.2d 170, 173-74 (2d Cir. 1989) (quoting Hodge, 802 F.2d at 61).

It is too early in this proceeding to make a determination as to whether the various factors lean in favor of appointment of counsel. Hendricks, 114 F.3d at 392. The fact that plaintiff is pro se and may be inexperienced in legal matters does not require this Court to appoint plaintiff counsel. Were that the case, counsel would need to be appointed to nearly every pro se plaintiff in civil actions. Appointment of counsel in civil cases is a privilege which is justified only by exceptional circumstances, not a right accorded to any plaintiff who would be better equipped or would feel more comfortable with legal representation. Although plaintiff may prefer the assistance of counsel, it does appear, based on plaintiff's submissions, that he is capable of

---

[5] Unpublished decisions cited within this Decision and Order have been provided to plaintiff pro se.

16

representing his positions.  See, e.g., Brown v. Enzyme Dev. Div. of Biddle Sawyer Corp., 780 F. Supp. 1025, 1026 (S.D.N.Y. 1992).  Lack of knowledge of the law does not suffice to demonstrate that appointment of counsel would increase the likelihood of a just determination in this case.  See Ballard v. United States, 11 Civ. 7162 (JSR/RLE), 2012 WL 3765022, at *1 (S.D.N.Y. Aug. 30, 2012) (denying appointment of counsel and stating that, "other than his general comment that he is 'completely unfamiliar with law,' the plaintiff "has not demonstrated any marked difficulties in presenting his case and fails to state why appointment of counsel would increase the likelihood of a just determination in this case.").  As indicated above, this case is at the earliest of stages, as plaintiff has only just commenced this action and the Court is in the process of reviewing the merits of the claims, and defendants have not even been served.  Accordingly, plaintiff's motion for counsel is dismissed without prejudice.


## VI.  Request for Service by U.S. Marshals

Plaintiff requests that the U.S. Marshals complete service upon defendants, and asks the cost for service by the U.S. Marshals, acknowledging that he will be required to pay for service by Marshals.  Dkt. No. 11.   Plaintiff's request to have the U.S. marshals attempt service on named defendants at plaintiff's expense is granted to the limited extent that, (1) *if* the District Judge, following review of this Report-Recommendation and Order, concludes that plaintiff's complaint should proceed, or (2) i*f* plaintiff files an amended complaint, upon the Court's separate review of that complaint it is determined that the complaint shall proceed, the plaintiff may proceed by service by U.S. Marshals.

If it is determined that service of a complaint is proper, the Clerk shall then send plaintiff three blank USM-285 Forms for his use. Upon receipt from the Clerk of plaintiff's payment of the service fee, which is $8.00 per service attempt per defendant, and the documents required for service, the U.S. Marshal shall attempt to serve the summons and complaint upon the defendants in accordance with Rule 4 of the Federal Rules of Civil Procedure. Plaintiff must comply with any additional requests from the U.S. Marshal for documents that are necessary to effectuate service, and must provide payment in advance to the U.S. Marshal for any subsequent service attempt if the original attempt to serve any defendant is unsuccessful. It is again noted that the Clerk of the Court is not to direct summons by U.S. Marshal until (1) the Court approves a complaint for service upon defendants, and (2) plaintiff pays the service fee and completes the proper papers for service.

## VII. John Doe Defendant

As a final note, the undersigned observes that plaintiff names a John Doe defendant: "unidentified name police officer." See Compl. Plaintiff is advised that he must take reasonable steps to identify this John Doe defendant. Once plaintiff does identify this defendant, he must then seek permission from the Court for leave to amend his complaint in order to provide the name of this John Doe defendant such that the Court may amend the caption, replacing the unnamed defendant with the name provided by the plaintiff. A plaintiff's failure to identify a John Doe defendant within a reasonable time may result in the charges being dismissed against that John Doe

defendant.

## VIII.  Conclusion

**WHEREFORE**, for the reasons stated herein, it is hereby

**ORDERED**, that plaintiff's motion for <u>in forma pauperis</u> relief, Dkt. No. 2, is

**DENIED**, as plaintiff failed to submit the full IFP application,[6] and it is further

**ORDERED**, that plaintiff's request to submit amendments to his complaint is

**GRANTED to the limited extent** that the Court will accept the filing at Dkt. No. 10-2 for

filing, and, in light of special solicitude, will consider the complaint filed at dkt. no. 1

together with the amendments contained in dkt. no. 10-2, together as an amended

complaint and the Court will give the amended complaint (Dkt. Nos. 1, 10-2) a new

entry on the docket, and that the letter motion is **otherwise DENIED**; and it is

**ORDERED**, that plaintiff's motion for appointment of counsel, dkt. no. 3, is

denied without prejudice to renewal should plaintiff demonstrate a change in

circumstances, and it is

**ORDERED**, that plaintiff's request for service by the U.S. Marshals, Dkt. No. 11,

is granted, and, should the District Judge adopt this Report-Recommendation and

Order, the Clerk of the Court shall, without further order of the Court, forward to plaintiff

---

[6]  The Court acknowledges that plaintiff instead paid the Court's filing fee.  However, regardless of payment of the filing fee, the Court has the right to complete section 1915 review.  <u>See</u> <u>Weissbrod v. Gonzalez</u>, 576 F. App'x 18, 19 (2d Cir. 2014) (summary order) (quoting <u>Fitzgerald v. First E. Seventh St. Tenants Corp.</u>, 221 F.3d 362, 363-64 (2d Cir. 2000) (per curiam) ("A district court has the inherent authority to dismiss an action as frivolous, even when the plaintiff has paid the filing fee.")).

three blank USM-285 Forms, and that plaintiff shall pay all fees for service upon

defendants ($8.00 per defendant, per service attempt) and complete any and all

necessary forms needed for service prior to any attempt of service; and it is

**RECOMMENDED**, that all claims against Officers Jourdin, Dixon, and

Unidentified Name Police Officer in their official capacities be dismissed with prejudice,

and it is

**RECOMMENDED**, that plaintiff's amended complaint (dkt. nos. 1, 10-2) proceed

insofar as it alleges (1) claims against the individual officers in their individual

capacities, (2) Monell claim against the City of Albany, (3) 14th Amendment deliberate

indifference claim against the individual officers, and (4) Fourth Amendment excessive

force claim against the individual officers; and it is further

**RECOMMENDED**, that insofar as plaintiff's complaint can be read as attempting

to set forth claims for false arrest and false imprisonment against the individual officers,

such claims be dismissed without prejudice and with opportunity to amend to allow

plaintiff to demonstrate that his claims are not barred by Heck; and it is further

**RECOMMENDED**, that if the District Judge adopts this Report-Recommendation

and Order, plaintiff be given an opportunity to amend his complaint should he wish to

attempt to cure the pleading defects in his false arrest/false imprisonment claims, and

that plaintiff be given thirty (30) days from the adoption of this Report-Recommendation

and Order to file such amended complaint,[7] and that if plaintiff declines to file a second

---

[7] Plaintiff is advised that, if the District Judge permits him to file a second amended complaint to attempt to cure the Heck issue, and should plaintiff choose to file a second amended complaint, the second amended complaint must (1) be a complete pleading: thus, plaintiff must include **all** factual

amended complaint, his amended complaint will proceed sans the false arrest/false imprisonment claim; and it is further

**RECOMMENDED**, that if the District Judge adopts this Report-Recommendation and Order, the Clerk of the Court will (1) wait thirty days following the District Judge's adoption of the Report-Recommendation and Order to see if plaintiff files an amended complaint, and (a) if plaintiff files such amended complaint, the amended complaint be returned to the undersigned for review, or (b) if plaintiff does not file an amended complaint within thirty days of the District Judge's adoption of this Report-Recommendation and Order, the Clerk of the Court shall prepare this case for service of summonses and amended complaint (dkt. nos. 1, 10-2) upon defendants; and it is

**ORDERED**, that the Clerk of the Court provide plaintiff with a copy of this Court's Local Rules, and it is

**ORDERED**, that the Clerk of the Court serve this Report-Recommendation & Order on plaintiff in accordance with Local Rules.

**IT IS SO ORDERED.**

Pursuant to 28 U.S.C. § 636(b)(1), the plaintiff has **FOURTEEN (14)** days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN**

---

allegations and legal claims he wishes to include and he may not refer to the amended complaint; and (2) may not attempt to replead claims that were dismissed by the Court with prejudice. An amended complaint is meant to supercede and replace in its entirety any prior complaint. See N.D.N.Y. L.R. 7.1(a)(4). *Failure to follow these requirements will result in the undersigned recommending that the Court reject any future amended pleadings.*

21

**FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW**. Roldan v. Racette,

984 F.2d 85, 89 (2d Cir. 1993) (citing Small v. Sec'y of Health and Human Servs., 892

F.2d 15 (2d Cir. 1989)); see also 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

     Dated: August 22, 2018
     Albany, New York

                           Christian F. Hummel
                           U.S. Magistrate Judge