UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

THOMAS HARDIE

                                              Plaintiff,

      v.                                                                                                1:18-CV-470
                                                                                                          (GLS/CFH)
CITY OF ALBANY; JARROD M. JOURDIN, City
of Albany Police Officer; RAVEN SYMONE DIXON,
City of Albany Police Officer; JOHN BUHNER, City
of Albany Police Officer,

                                              Defendants.

---

**APPEARANCES:**

Thomas Hardie
18-A-0282
Woodbourne Correctional Facility
99 Prison Road, PO Box 1000
Woodbourne, New York 12788
Plaintiff pro se

**CHRISTIAN F. HUMMEL
UNITED STATES MAGISTRATE JUDGE**

## REPORT-RECOMMENDATION AND ORDER

### I. Background

      Presently pending before the Court is a review of plaintiff pro se Thomas Hardie's Amended Complaint. Dkt. No. 17. On August 14, 2018, the undersigned issued a Report-Recommendation and Order (1) granting plaintiff's in forma pauperis application, (2) granting plaintiff's request for service by U.S. Marshal to be paid by plaintiff, and (3) recommending that the following claims proceed: (a) Fourth Amendment excessive force against the officers in their individual capacities, (b) Monell

claim for failure to supervise/train against the City of Albany, (c) Fourteenth Amendment deliberate indifference claim against the individual defendants in their individual capacities, (4) recommending that the potential false arrest and false imprisonment be dismissed without prejudice and with opportunity to amend to allow plaintiff an opportunity to demonstrate that these claims are not barred by Heck v. Humphry, 512 U.S. 477 (1994), and (5) recommending that all claims against the officers in their official capacities be dismissed with prejudice.  Dkt. No. 12.  On September 7, 2018, Senior District Judge Gary L. Sharpe adopted the Report-Recommendation and Order in its entirety.  Dkt. No. 16.

     Since entry of the August 14, 2018 Report-Recommendation and Order, plaintiff filed a proposed amended complaint and proposed second amended complaint.  Dkt. Nos. 13, 15.  On September 13, 2018, following the District Judge's adoption of the Report-Recommendation and Order, plaintiff filed a "Motion to Amend Civil Action Complaint," complete with a third proposed amended pleading.   Dkt. No. 17.  As this Court informed plaintiff both in the Report-Recommendation and Order and in the Order adopting it (Dkt. No. 12 at 20-21 n.7, Dkt. No. 16 at 2 n.1), any amended complaint plaintiff may file must be a complete pleading and will supercede the previous complaint in its entirety.  As plaintiff filed three versions of amended complaints after this Court's initial review, the undersigned will consider only the most recent proposed pleading, filed at dkt. no. 17.  Insofar as plaintiff files a "motion to amend/correct," as this Court set forth in the August 22, 2018 Report-Recommendation and Order, "[i]nsofar as plaintiff seeks to amend his complaint, plaintiff does not need the leave of the Court as

2

he filed the amended complaint before service of the complaint upon defendants." Dkt. No. 12 at 12.  Here, similarly, because plaintiff's complaint has not yet been served upon defendants, the motion to amend is not necessary.[1]

Accordingly, the undersigned will review the proposed second amended complaint attached to the "Motion to Amend Civil Action Complaint" as the proposed operative pleading.  For purposes of a clear docket, the filings at dkt. nos. 13, 15 will be deemed stricken from the record, and the filing at dkt. no. 17 will be filed as "amended complaint."

The undersigned notes that plaintiff's proposed amended complaint is unsigned. The Clerk of the Court is directed to provide plaintiff with a copy of the signature page of amended complaint, submitted at dkt. no., 17 at 23, for plaintiff to sign and return to the Court.  Once the submission at dkt. no. 17 will be replaced with the signed version of the proposed amended complaint.

## II. Review of Amended Pleading

Plaintiff now identifies the John Doe defendant as Police Officer John Buhner, and, as such, he has been substituted for the John Doe officer.  Dkt. No. 17 at 2-3.  As a threshold issue, although the Court dismissed all claims against the officers in their official capacities, plaintiff's amended pleading is unclear insofar as it states, "while in

---

[1] Plaintiff is advised, however, that once the complaint is served upon defendants, he will need to seek leave of the court, not only to file an amended pleading, but for permission to file a motion to amend unless he files the amended pleading (1) within 21 days after serving it, or (2) "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier."  See FED. R. CIV. P. 15(a)(1), (2).

their official capacity, violated the plaintiffs [sic] civil rights, in their individual capacity." Dkt. No. 17 at 22.  The undersigned is of the understanding that plaintiff intends to bring the claims against the officers in their individual capacities while acting under the color of state law; However, to the extent plaintiff's complaint may be interpreted as attempting to reallege the official capacity claims against the officers, all official capacity claims are deemed stricken pursuant to this Court's September 13, 2018 Order.  Dkt. No. 16 (adopting Dkt. No. 12).

      Plaintiff's proposed amended complaint fails to cure the Heck issues identified in the August 22, 2018 Report-Recommendation and Order.  Dkt. No. 12.  Although plaintiff does not list false arrest or false imprisonment as separate causes of action, the body of his complaint makes several allegations indicating an intent to pursue such claims, such as (1) indicating that he was handcuffed "without explanation or reason for their cause of my apprension [sic] (as a citizen), in such of a [sic] unjustifiable manner," (2) referring to his stop by defendants as an "[i]rrational approach," his arrest as an "[i]llegal aprehension," and (3) contending that defendants Jourdin and Dixon committed a "Miranda right violation" by arresting him without reading him his Miranda rights.  Dkt. No. 17 at 14-15. Although the Court, in its August 22, 2018 Report-Recommendation and Order, advised plaintiff that any claims of false arrest or false imprisonment could not proceed unless and until plaintiff advises the Court whether he "faced any charges resulting from the arrest, and, if so, whether he was convicted of the charges, plead to the charges, or if the charges are still pending or have been dropped or otherwise reversed," plaintiff has failed to address these questions.  Dkt. No. 12.

4

Thus, as the undersigned cannot determine from the proposed amended complaint whether plaintiff's potential claims are barred by Heck v. Humphrey, 512 U.S. 477 (1994), it is recommended that all claims for false arrest and false imprisonment be dismissed without prejudice.  Insofar as plaintiff contends that defendants committed a Miranda violation, this claim *may* also be barred by Heck because, if plaintiff does have any criminal charges pending or for which he has been convicted arising out of the arrest, it is possible that a Miranda violation would actually imply the invalidity of plaintiff's conviction.  However, the "Court is not equipped to conduct such an analysis in this procedural posture" as it does not have any information before it to determine whether any self incriminating statements that plaintiff may have made or evidence that may have been seized that could be said to be in connection with the alleged Miranda violation would be "essential" to the prosecution's case.  McCord v. City of New York, No. 13 Civ. 2008 (AJN), 2014 WL 2567108, at *3 (S.D.N.Y. June 6, 2014).  Accordingly, as the Heck implications also cannot be determined, but it is not clear that a civil claim of a Miranda violation would necessarily invalidate a criminal charge or conviction, if such charge or conviction exists, the claim for the Miranda violation is permitted to proceed.[2]

### III.  Conclusion

In sum, as the Court, in its August 22, 2018, Report-Recommendation and

---

[2]  The undersigned makes no suggestion as to the possibility of success on this claim should discovery reveal a Heck bar.

5

Order, adopted by the Court in its September 7, 2018 Order, concluded that plaintiff be permitted to proceed with his (1) Monell claims against the City of Albany, (2) Fourteenth Amendment deliberate indifference claims against the officers in their individual capacities, and (3) Fourth Amendment excessive force claim against the officers in their individual capacities, those claims still stand and will be permitted to proceed once the Court deems the operative pleading is ready to be served.  Further, because the undersigned cannot determine whether plaintiff's Miranda violation would necessarily invalidate any criminal conviction/charge, the Miranda violation is permitted to proceed.

**WHEREFORE**, for the reasons stated herein, it is hereby

**ORDERED**, that the filings at dkt. nos. 13, 15 be stricken from the record, and it is further

**ORDERED**, that, insofar as plaintiff's proposed amended complaint (dkt. no. 17 at 22) may be read as seeking to proceed against the officers in their official capacities, such claim is deemed stricken pursuant to this Court's September 7, 2018 Order, and it is

**ORDERED**, that the Clerk of the Court is directed to provide plaintiff with a copy of the signature page of proposed amended complaint, dkt. no. 17 at 23, for plaintiff to sign and return to the Court within fourteen (14) days of entry of this Report-Recommendation and Order, and upon receipt of the signed signature page, the Clerk of the Court will update the proposed amended pleading (dkt. no. 17) to incorporate the signed page; and it is

**RECOMMENDED**, that plaintiff's false arrest and false imprisonment claims be **DISMISSED** without prejudice, as plaintiff has failed to cure the Heck concerns, and it is

**ORDERED**, that following the District Judge's review of this Report-Recommendation and Order, should the District Judge adopt the Report-Recommendation and Order, the filing at dkt. no. 17 will be deemed the operative pleading, absent the facts and/or claims deemed stricken or already dismissed by a prior order of this Court, and that the Clerks Office is to then return this case to the Magistrate Judge to order service of the Amended Complaint and summonses upon defendants by the United States Marshals pursuant to Dkt. No. 12 at 17-18, and it is further

**ORDERED**, that the Clerk of the Court serve this Report-Recommendation an Order on plaintiff in accordance with local rules.

**IT IS SO ORDERED**.

qPursuant to 28 U.S.C. § 636(b)(1), the plaintiff has **FOURTEEN (14)** days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW**.  Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993) (citing Small v. Sec'y of Health and Human Servs., 892 F.2d 15 (2d Cir. 1989)); see also 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).[3]

---

[3]   For pro se plaintiffs served with this Order by mail, three (3) additional days will be added to the fourteen (14) day period, meaning that you have seventeen (17) days from the date the Order was mailed to you to serve and file objections.  FED. R. CIV. P. 6(d).  If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday.  Id. § 6(a)(1)(c).

Dated: November 9, 2018
Albany, New York

*Christian F. Hummel*
Christian F. Hummel
U.S. Magistrate Judge