**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**THOMAS HARDIE,**

        **Plaintiff,**

   **v.**

**CITY OF ALBANY et al.,**

       **Defendants.**
_____

**1:18-cv-470**
**(GLS/CFH)**

**APPEARANCES:**       **OF COUNSEL:**

**FOR THE PLAINTIFF:**
Thomas Hardie
Pro se
Woodbourne Correctional Facility
99 Prison Road
PO Box 1000
Woodbourne, NY 12788

**FOR THE DEFENDANTS:**
The Rehfuss Law Firm, P.C.    ABIGAIL W. REHFUSS, ESQ.
40 British American Blvd.     STEPHEN J. REHFUSS, ESQ.
Latham, NY 12110

**Gary L. Sharpe**
**Senior District Judge**

## MEMORANDUM-DECISION AND ORDER

### I.  Introduction

   Plaintiff pro se Thomas Hardie commenced this action against

defendants Jarrod M. Jourdin, Raven Symone Dixon, John Buhner, and

the City of Albany on April 16, 2018, alleging excessive force and

deliberate indifference pursuant to 42 U.S.C. § 1983.[1]  (Am. Compl., Dkt.

No. 17.)  Now pending are defendants' motion for summary judgment, (Dkt.

No. 148), Hardie's February 28, 2022 letter motion, (Dkt. No. 171), seeking

"den[ial of] the defendants['] . . . reply," (Dkt. No. 171, Attach. 1 at 3),

Hardie's April 4, 2022 and May 9, 2022 letter motions, seeking the same

relief, (Dkt. No. 175 at 1-2; Dkt. No. 176 at 2), and several of Hardie's letter

motions seeking to supplement his summary judgment response, (Dkt.

Nos. 164, 166, 167).  For the reasons that follow, defendants' motion is

denied, Hardie's February 28, 2022 letter motion is denied, Hardie's April

4, 2022 and May 9, 2022 letter motions are denied as moot, and Hardie's

motions seeking to supplement his summary judgment briefing are

granted.

---

[1]  Hardie also brought a *Monell* claim, but he has indicated that he "has decided not to proceed with [it]," and has advised the court to no longer "entertain" this cause of action, (Dkt. No. 155 at 15-16).  Defendants appear to support this resolution.  (Dkt. No. 162 at 1.) Accordingly, Hardie's *Monell* claim against the City of Albany is dismissed.  *See Johnson v. City of New York*, No. 05 Civ. 7519, 2008 WL 4450270, at *1 n.1, 14 (S.D.N.Y. Sept. 29, 2008) (dismissing claims against defendant where "[i]n his brief in opposition to the summary judgment motion, plaintiff consent[ed] to dismissal of his claims against th[at defendant]").

2

## II. **Background**

### A.   **Facts**[2]

Hardie was arrested on April 28, 2017 by Buhner, Dixon, and Jourdin.  (Defs.' Statement of Material Facts (SMF) ¶¶ 4,[3] 10, Dkt. No. 148, Attach. 1.)  Hardie did not attempt to evade or resist arrest.  (Defs.' SMF ¶ 5.)  However, the parties dispute the manner in which the arrest was conducted.  Defendants assert that "[n]o force, other than that which was necessary to effectuate the arrest, was used by . . . [d]efendants,"[4] and that, Hardie "did not sustain any injuries during the arrest."  (*Id.* ¶ 6.) Hardie alleges that "[he] sustained injury during [the] arrest."  (Pl.'s SMF ¶ 6.)[5]  While defendants acknowledge that Hardie may have suffered an injury at some point prior to his arrest, they do not note the extent of the

---

[2]  Unless noted otherwise, the facts are undisputed.

[3]  While Hardie disputes a portion of the facts contained in this paragraph, Jourdin's involvement in his arrest is not in dispute.  (*See* Pl.'s Statement of Material Facts (SMF) ¶ 4, Dkt. No. 155.)

[4]  In their statement of material facts, defendants provide no citation to the record supporting this fact, as required by the Local Rules of Practice.  *See* N.D.N.Y. L.R. 56.1(a) ("Each fact listed shall set forth a specific citation to the record where the fact is established.") Accordingly, this "fact" will not be considered by the court with respect to defendants' motion for summary judgment.

[5]  While Hardie's statement of material facts does not contain paragraph numbers, he begins his paragraphs by noting which paragraph(s) of defendants' statement of material facts he is responding to (e.g. "Response to par. 1-3"; "Response to par. 5"), and the court cites to these numbers for the sake of clarity.

injury, other than that it "was minor."  (Defs.' SMF ¶ 7.)  Hardie asserts that

he suffered a hand injury that was "severe . . . . [,] painful, lacerated,

bleeding[,] and swollen," and that it was later "diagnosed as fractured with

a developed deformity."  (Pl.'s SMF ¶ 7.)  There is further dispute between

the parties regarding what, if any, medical attention Hardie received after

his arrest.  Defendants allege that Albany Fire Department EMS examined

Hardie's injury while he was in custody, but that Hardie refused any further

treatment.  (Defs.' SMF ¶ 13.)  Hardie alleges that he received no

treatment from EMS.  (Pl.'s SMF ¶¶ 13-14.)

## B.   Procedural History

Hardie commenced this action in April 2018, alleging a deliberate

indifference claim under the Fourteenth Amendment, an excessive force

claim under the Fourth Amendment, and a *Monell* claim.  (Compl., Dkt. No.

1.)  Hardie amended his complaint on September 13, 2019, (Am. Compl.),

and defendants answered, (Dkt. No. 28).  Hardie moved to strike a portion

of defendants' answer, (Dkt. No. 29), and defendants cross-moved to

dismiss the amended complaint, (Dkt. No. 34).  Hardie then moved for

sanctions, (Dkt. No. 48), and partial summary judgment, (Dkt. No. 50).  By

Memorandum-Decision and Order, the court denied Hardie's motion to

strike, motion for sanctions, and motion for partial summary judgment, and granted in part and denied in part defendants' motion to dismiss, leaving Hardie's *Monell* claim against the city of Albany, Fourteenth Amendment deliberate indifference claim against Jourdin and Dixon, and a Fourth Amendment excessive force claim against Jourdin, Dixon, and Buhner remaining.  (Dkt. No. 57.)  Defendants now move for summary judgment on these claims, (Dkt. No. 148), and Hardie seeks "den[ial of] the defendants['] . . .  reply," (Dkt. No. 171, Attach. 1; Dkt. No. 175; Dkt. No. 176), and to supplement his summary judgment briefing.  (Dkt. Nos. 166, 167, 171.)

## III.  <u>Standard of Review</u>

The standard of review under Fed. R. Civ. P. 56 is well settled and will not be repeated here.  For a full discussion of the governing standard, the court refers the parties to its prior decision in *Wagner v. Swarts*, 827 F. Supp. 2d 85, 92 (N.D.N.Y. 2011), *aff'd sub nom. Wagner v. Sprague*, 489 F. App'x 500 (2d Cir. 2012).

## IV.  **Discussion**

### A.    **Deliberate Indifference**

Defendants argue that they are entitled to summary judgment on

Hardie's deliberate indifference claim because Hardie was not denied

medical care and his injury was not sufficiently serious.  (Dkt. No. 148,

Attach. 3 at 3-4.)  Defendants further assert that "there is simply no proof

that . . . [d]efendants' actions . . . amounted to anything more than mere

negligence, inasmuch as they either did not observe any injury to . . .

[Hardie], or regarded the injury as minor."  (*Id.* at 4.)

A pretrial detainee's claim for deliberate medical indifference is

analyzed under the Fourteenth Amendment.  *See Bruno v. City of*

*Schenectady*, 727 F. App'x 717, 720 (2d Cir. 2018); *accord Sims v. City of*

*New York*, 788 F. App'x 62, 63 (2d Cir. 2019).  To succeed under the

Fourteenth Amendment standard, a plaintiff must satisfy (1) "an objective

prong showing that the challenged conditions were sufficiently serious to

constitute objective deprivations of the right to due process," and (2) "a

subjective prong showing that the defendants acted with at least deliberate

indifference to the challenged conditions."  *Sims*, 788 F. App'x at 63

(internal quotation marks and alterations omitted).  "The [objective prong]

6

requires a condition of urgency, one that may produce death, degeneration, or extreme pain." *Bruno*, 727 F. App'x at 720 (internal quotation marks omitted).  The second prong requires proof that the defendant either "acted intentionally to impose the alleged condition, or recklessly failed to act with reasonable care to mitigate the risk that the condition posed to the pretrial detainee even though the defendant[] knew, or should have known, that the condition posed an excessive risk to health or safety." *Id.* (emphasis, internal quotation marks, and citation omitted).

Defendants have met their initial summary judgment burden by asserting that "[Hardie] was offered medical treatment but refused the same during the booking process at South Station," (Dkt. No. 148, Attach. 3 at 4; *see* Defs.' SMF ¶¶ 7, 13), and supporting that contention by citing to Dixon's interrogatory response stating that "medical attention was provided to [Hardie]," (Dkt. No. 148, Attach. 13 ¶¶ 8,13,14), Hardie's "Admission Screening Sheet," which noted that "EMS looked at [Hardie's injury] but that Hardie refused treatment, (Dkt. No. 148, Attach. 6), and the booking clerk's affidavit attesting to the accuracy of the Admission Screening Sheet.  (Dkt. No. 148, Attach. 11 ¶ 5).  However, summary judgment must be denied on this point because Hardie has sufficiently demonstrated that

there is a triable issue of material fact, asserting that he "was not provided med[ical] attention during booking . . . or at anytime," and arguing that the "Admission Screening Sheet" is inaccurate and was retroactively altered. (Pl.'s SMF ¶¶ 7, 9, 12, 13, 14.)  In support of his position Hardie notes that he did not sign the admission sheet and that there are marks on the admission sheet that indicate an alteration.  (Pl.'s SMF ¶¶ 9, 12, 13, 14; *see* Dkt. No. 157, Attach. 7.)  Further, Hardie cites to a letter from the City of Albany Department of Fire and Emergency Services, that affirmed that no record existed indicating that he was seen by EMS at booking.  (Dkt. No. 157, Attach. 2.)

Additionally, defendants' argument that "a superficial laceration on [Hardie's] hand . . . does not constitute a 'serious injury,'" nor does a broken finger,  (Dkt. No. 148, Attach. 3 at 4), even if accurate, does not persuade the court here.  While in defendants' memorandum of law, they contend that a broken finger and "superficial" laceration are the extent of Hardie's injuries, (Dkt. No. 148, Attach. 3 at 4), nowhere in their statement of material facts do they allege and support this, (*see generally* Defs.' SMF).  The court has carefully reviewed defendants' statement of material facts, and nowhere do defendants assert the extent of Hardie's injuries,

8

only mentioning a potential injury to his hand, rather than finger.  (*Id.* ¶ 7.)

Even if defendants had met their burden here, Hardie has demonstrated a

triable issue of fact.  In an affidavit, Hardie notes that he was diagnosed

with a fractured right hand, which "healed abnormally" and resulted in

"deform[ation]," along with a loss of range of motion and strength, and pain

in his hand, arm, shoulder, and neck.  (Dkt. No. 155, Attach. 2 ¶ 7.)  He

further provides an Albany County Sheriff's Office form and other medical

records which indicate that Hardie's injury was not limited to a broken

finger and "superficial" laceration, (Dkt. No. 156, Attachs. 4, 5, 6, 7), but

also included a fractured hand, (Dkt. No. 166).  Accordingly, summary

judgment on this issue must be denied.  *See Small v. Clements*, No.

3:18-cv-1731, 2018 WL 5634942, at *3 (D. Conn. Oct. 31, 2018) ("While

courts generally hold that a broken finger is not serious, broken bones in

the hand are considered serious medical needs."); *Royal v. Annucci*, No.

16 CV 6517, 2017 WL 3207805, at *5 (S.D.N.Y. July 27, 2017) ("Courts in

this circuit have found hand injuries, including broken bones, to constitute a

sufficiently serious medical injury.")

Finally, defendants contend that Hardie has not satisfied the

subjective prong of his deliberate indifference claim because their "actions,

at worst, amounted to [no]thing more than mere negligence, inasmuch as they either did not observe any injury to [Hardie], or regarded the injury as minor." (Dkt. No. 148, Attach. 3 at 4.)  However, defendants do not cite to their statement of material facts—or any source for that matter—to support this position.  The court has thoroughly reviewed defendants statement of material facts and there are no references to defendants "either . . . not observ[ing] any injury to [Hardie], or regard[ing] the injury as minor," (*id.*; *see generally* Defs.' SMF), and, in fact, there is evidence in the record that cuts against this.  (Dkt. No. 156 ¶ 13; Dkt. No. 156, Attach. 3 ¶ 8.)  Even if defendants had carried their burden on this issue, Hardie has established the existence of a disputed issue of material fact, by providing evidence that defendants were aware of his injury and did not provide him with any medical attention.  (Pl's SMF ¶ 7; Dkt. No. 156 ¶ 13; Dkt. No. 156, Attach. 3 ¶ 8; Dkt. No. 157, Attach. 2.)

## B.  <u>Excessive Force</u>

Defendants argue that they are entitled to summary judgment on Hardie's excessive force claim because Hardie's injury was "de minimis," not caused by defendants, and because "[d]efendants did not use any force other than that which was necessary to take Plaintiff into custody."

(Dkt. No. 148, Attach. 3 at 4-6.)

"In order to establish that the use of force to effect an arrest was unreasonable and therefore a violation of the Fourth Amendment, [a] plaintiff[] must establish that the government interests at stake were outweighed by the nature and quality of the intrusion on [the plaintiff's] Fourth Amendment interests." *Barlow v. Male Geneva Police Officer Who Arrested Me on Jan. 2005*, 434 F. App'x 22, 26 (2d Cir. 2011) (internal quotation marks and citation omitted).  "In other words, the factfinder must determine whether, in light of the totality of the circumstances faced by the arresting officer, the amount of force used was objectively reasonable at the time." *Id.* (quoting *Amnesty Am. v. Town of West Hartford*, 361 F.3d 113, 123 (2d Cir. 2004)).

"[C]laims of excessive force arising in the context of an arrest under the Fourth Amendment's objective reasonableness test," are analyzed "paying 'careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight.'" *Phelan v. Sullivan*, No. 12-3604-cv, 2013 WL 5183664, at *2 (2d

Cir. Sept. 17, 2013) (quoting *Graham v. Connor*, 490 U.S. 386, 396

(1989)).  The entirety of the record must be evaluated "from the

perspective of a reasonable officer on the scene, rather than with the 20/20

vision of hindsight."  *Jones v. Parmley*, 465 F.3d 46, 61 (2d Cir. 2006)

(quoting *Graham*, 490 U.S. at 396)); *accord Tracy v. Freshwater*, 623 F.3d

90, 96 (2d Cir. 2010).  Indeed, "[n]ot every push or shove, even if it may

later seem unnecessary in the peace of a judge's chambers, violates the

Fourth Amendment."  *Tracy*, 623 F.3d at 96 (quoting *Graham*, 490 U.S. at

397).

Assuming without deciding that Hardie's injury was minor, his claim is

not foreclosed.  *See Rizk v. City of New York*, 462 F. Supp. 3d 203, 224

(E.D.N.Y. May 22, 2020) ("Fourth Amendment excessive force claims

cannot be dismissed solely for failure to establish more than de minimis

injury.")*; see also Smith v. Murphy*, 634 F. App'x 914, 917 (4th Cir. 2015);

*United States v. Rodella*, 804 F.3d 1317, 1328-29 (10th Cir. 2015); *but see*

*Smith v. Sawyer*, 435 F. Supp. 3d 417, 440 (N.D.N.Y. Jan. 27, 2020).

Further, disputed material issues of fact exist here, such that a trial is

necessary.  While defendants argue that "[n]o force, other than that which

was necessary to effectuate the arrest, was used by [d]efendants," (Defs.'

12

SMF ¶ 6; *see also* Dkt. No. 148, Attach. 3 at 4-6), as previously noted, they provide no record support for that claims.  *See supra* note 4.  Defendants further assert that Hardie was not injured during his arrest, but that his injury was the result of his own conduct prior to his arrest, (Defs.' SMF ¶¶ 6, 7), citing to Dixon's interrogatory response, which states "no injuries were sustained [by Hardie] from the said arrest," (Dkt. No. 148, Attach. 13 ¶ 12), and a domestic incident report, investigation report, and arrest report, all of which indicate that Hardie was engaged in behavior prior to his arrest that *may have* injured him, (Dkt. No. 148, Attachs. 4, 5, 8). Hardie counters this narrative by citing to prior testimony from Dixon stating that, because Hardie was not immediately compliant "[Dixon's] partner stepped in and helped [Dixon] get compliance," (Dkt. No. 155, Attach. 4 at 17), grand jury testimony from Jourdin stating that he did not observe any blood on Hardie's hand prior to his arrest, (Dkt. No. 155, Attach. 5 at 18), and a witness affidavit stating that the arresting officers "without a word, . . . threw [Hardie] down on his stomach, and kept him pinned to the street," (Dkt. No. 156, Attach. 1).  From this record, there is a dispute as to the force used to arrest Hardie, and at what point he sustained his injury, precluding summary judgment on his excessive force claim.

13

**C.    Hardie's Motions**

Hardie seeks "den[ial]" of defendants' reply brief "[f]or [f]ailing reply

service of process upon plaintiff, and misleading the court with an

untruthful certificate of service."  (Dkt. No. 171; *see* Dkt. No. 175; Dkt.

No. 176.)  However, defendants have supplied the court with "the letter of

transmittal dated May 5, 2021 together with a copy of the certificate of

mailing," (Dkt. No. 172), and while Hardie maintains that this is "untruthful,"

he fails to substantiate his claim.  Hardie also filed a sur-reply,[6] (Dkt. No.

163), on May 19, 2021, fourteen days after defendants' allegedly unnoticed

reply, indicating the he received the reply.  Accordingly, Hardie's February

28, 2022 letter motion, (Dkt. No. 171), is denied, and Hardie's April 4, 2022

and May 9, 2022 letter motions, (Dkt. Nos. 175, 176), are denied as moot.

Finally, Hardie's letter motions seeking to supplement his summary

judgment briefing, (Dkt. Nos. 164, 166, 167), are granted, given Hardie's

pro se status, the fact that he simply seeks to include medical documents

unavailable to him at the summary judgment deadline due to COVID-19,

---

[6] Given that Hardie's sur-reply, (Dkt. No. 163), was not permitted by the court and filed in violation of Local Rule 7.1(a), it is stricken, along with his unpermitted reply, (Dkt. No. 173), and supplemental reply, (Dkt. No. 174), filed in connection with his non-dispositive letter motion.  *See* N.D.N.Y. L.R. 7.1(a).

and because he raises no new arguments.

## V.  <u>Conclusion</u>

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Hardie's sur-reply (Dkt. No. 163) is **STRICKEN**; and it is further

**ORDERED** that Hardie's reply (Dkt. No. 173) is **STRICKEN**; and it is further

**ORDERED** that Hardie's supplemental reply (Dkt. No. 174) is **STRICKEN**; and it is further

**ORDERED** that defendant's motion for summary judgment (Dkt. No. 148) is **DENIED**; and it is further

**ORDERED** that Hardie's February 28, 2022 letter motion (Dkt. No. 171) is **DENIED**; and it is further

**ORDERED** that Hardie's April 4, 2022 and May 9, 2022 letter motions (Dkt. Nos. 175, 176) are **DENIED** as moot; and it is further

**ORDERED** that Hardie's letter motions seeking to supplement his summary judgment briefing (Dkt. Nos. 164, 166, 167) are **GRANTED**; and it is further

15

**ORDERED** that Hardie's *Monell* cause of action against the City of Albany is **DISMISSED** on consent of the parties; and it is further

**ORDERED** that the City of Albany is dismissed as a defendant; and it is further

**ORDERED** that this case is deemed trial ready and a scheduling order will be issued in due course; and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

June 17, 2022
Albany, New York

Gary L. Sharpe
Gary L. Sharpe
U.S. District Judge

16